**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ZENAIDA PADUA SILVA** ***on behalf of her son J. L. C. P.*****; WILFREDO TORRES MASS; URIEL SEPÚLVEDA; WALBERTO HERNANDEZ REYES; HÉCTOR F. MELÉNDEZ BERMÚDEZ; JULITZA MARTÍNEZ** ***individually and on behalf of all others similarly situated***<br><br>Plaintiffs<br><br>**v.**<br><br>**PUEBLO INC**<br><br>Defendant | **CIVIL NO. 3:25-cv-01064-MAJ** |

**SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs bring this class action against Defendant Pueblo Inc. for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and allege:

## I. INTRODUCTION

1. This class action challenges the centralized corporate policies—and policy failures—of Pueblo Inc., Puerto Rico's largest supermarket operator, that systematically deny customers with mobility and visual disabilities full and equal access to its facilities and commercial websites.
2. Pueblo Inc. maintains highly centralized policies governing store design, fixture specifications, counter heights, merchandising, employee training, and web platform standards. These policies are developed at corporate headquarters and uniformly implemented across all 33+ Supermarkets Pueblo and Supermarkets Amigo locations.

3. Where plaintiffs challenge centralized policies, class certification is appropriate regardless of physical differences among individual facilities. See J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1288 (10th Cir. 1999). Plaintiffs challenge Defendant's centralized policies and policy failures—not isolated incidents at individual stores—making class treatment appropriate under Rule 23(b)(2).

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391(b).

## III. PARTIES

### A. Plaintiffs

5. Plaintiff J.L.C.P. is a Mayagüez resident with microcephaly, cerebral palsy, autism, severe intellectual disability, and epilepsy. He uses a wheelchair and is represented by his mother, Zenaida Padua Silva.

6. Plaintiff Wilfredo Torres Mass is a Bayamón resident with incomplete paraplegia (L1-L2). He uses a wheelchair for all locomotion.

7. Plaintiff Uriel Sepúlveda Alicea is a Ponce resident with severe mobility impairment from lumbar disc damage, bilateral radiculopathy, osteoporosis, and chronic osteoarthritis. He uses a walker.

8. Plaintiff Walberto Hernández Reyes is a Naranjito resident with spina bifida, hydrocephaly, kidney damage, epilepsy, and asthma. He uses a wheelchair.

9. Plaintiff Héctor F. Meléndez Bermúdez is a Cidra resident with complete lower body paralysis from spinal cord injury. He uses a wheelchair with maximum reach height of 48 inches.

10. Plaintiff Julitza Martínez is a San Lorenzo resident with severe visual disability from intracranial hypertension causing total blindness in her right eye and limited residual vision in her left. She relies on VoiceOver screen reading software.

11. Each Plaintiff is a person with a disability under 42 U.S.C. § 12102.

**B. Defendant**

12. Defendant Pueblo Inc. owns, operates, and controls approximately 33 supermarket locations throughout Puerto Rico under the "Supermarkets Pueblo" and "Supermarkets Amigo" brands, and commercial websites at https://puebloweb.com/ and https://amigo.com/. These are places of public accommodation under 42 U.S.C. § 12181(7).

## IV. DEFENDANT'S CENTRALIZED POLICIES AND POLICY FAILURES

13. Defendant maintains centralized corporate policies developed, implemented, and enforced from headquarters that apply uniformly across all locations, including:

    (a) Standardized store design specifications and fixture layouts;

    (b) Uniform counter height specifications for customer service, meat, bakery, and deli departments;

    (c) Corporate merchandising guidelines;

    (d) Centralized employee training programs;

    (e) Company-wide operational procedures; and

    (f) Corporate web design and digital platform standards.

14. In August 2022, Defendant acquired eleven Supermarkets Amigos locations from Walmart Puerto Rico. Rather than remedying accessibility violations during this transition, Defendant perpetuated the same discriminatory design standards, demonstrating both the centralized nature of its policies and deliberate indifference to ADA compliance.

15. Defendant's centralized design policies result in systematic violations of both the 1991 and 2010 ADA Accessibility Guidelines at all locations.

## V. SYSTEMATIC ARCHITECTURAL BARRIER VIOLATIONS

16. At all Pueblo and Amigo locations, customer service counters are constructed and maintained at heights exceeding 36 inches, violating 1991 ADAAG § 7.2(1) and 2010 ADAAG § 904.4.

17. At all locations, meat, bakery, and deli counters are constructed at heights exceeding 36 inches without accessible portions or adequate auxiliary counters, violating 1991 ADAAG § 7.2(2) and 2010 ADAAG § 904.4.

18. Defendant has failed to remove these architectural barriers where removal is readily achievable, violating 42 U.S.C. § 12182(b)(2)(A)(iv). The necessary modifications—lowering counter portions, providing auxiliary counters, ensuring adequate clearance—are readily achievable using standard construction techniques and Defendant's corporate resources.

## VI. DEFENDANT'S SUPERMARKET LOCATIONS

19. Defendant operates the following Supermarkets Pueblo locations where Plaintiffs have encountered or been deterred by architectural barriers resulting from Defendant's centralized policies:

    a. Aguadilla: Pueblo Aguadilla Mall (Hwy #2 Km 126.5); Pueblo Aguadilla Shopping Center (Carr #2 Km 125).

    b. Arecibo: Pueblo Arecibo (PR Hwy 10 Km 85.1).

    c. Arroyo: Pueblo Arroyo Town Center (Hwy #3 Km 130.3).

    d. Bayamón: Pueblo Drive In - Hato Tejas (Hwy #2 Km 15.9); Pueblo Río Hondo (167 Ave Rio Hondo).

e. Carolina: Pueblo Isla Verde (Airport Plaza Rd #187); Pueblo Carolina Centro (Ignacio Arzuaga St.).

f. Fajardo: Pueblo Fajardo (Monte Brisas Shopping Center).

g. Guaynabo: Pueblo Las Cumbres (Hwy 199); Pueblo Altomar (Rte 177 & Ramírez de Arellano St.).

h. Mayagüez: Pueblo Mayagüez Town Center (252 Post St.); Pueblo Western Plaza (Carr #2 Km 149.5); Pueblo Supermarket (252 C. Ramón Emeterio Betances); Pueblo Mayagüez Mall (SR #2 Int. Rd #343).

i. Ponce: Pueblo Plaza del Caribe (Ponce Bypass SR #2); Pueblo La Rambla (Km 3.2).

j. San Juan: Pueblo Miramar (670 Ponce de Leon Ave); Pueblo Plaza las Américas (525 FDR Ave); Pueblo El Señorial Plaza (Paraná St.); Pueblo Cupey Professional Mall (354 San Claudio St.); Pueblo Monte Mall (652 Muñoz Rivera Ave); Pueblo Ciudadela Santurce (1511 Ponce De Leon Ave).

Trujillo Alto: Pueblo Trujillo Alto (SR #181).

20. Defendant operates the following Supermarkets Amigo locations where Plaintiffs have encountered or been deterred by barriers:

Amigo Rexville (Bayamón); Amigo Lomas Verdes (Bayamón); Amigo Las Catalinas (Caguas); Amigo Montesol (Fajardo); Amigo Guayama; Amigo Plaza Guaynabo; Amigo Juncos; Amigo Luquillo; Amigo Los Paseos (Río Piedras); Amigo San Lorenzo; Amigo Levittown (Toa Baja).

## VII. PLAINTIFFS' STANDING

21. Each Plaintiff has personally encountered barriers resulting from Defendant's centralized policies at multiple locations and intends to return once barriers are remediated.

22. J.L.C.P. encountered barriers at Pueblo locations in Mayagüez on November 25, 2024 (252 C. Ramón Emeterio Betances), December 5, 2024 (Western Plaza), January 15, 2025 (Mayagüez Town Center), and May 15, 2025 (Mayagüez Mall). At each location, counter heights prevented him from independently viewing products, communicating with staff, or conducting transactions from his wheelchair. He intends to return once barriers are remediated.

23. Mr. Torres encountered barriers at Pueblo Drive In - Hato Tejas (Feb. 23, 2025), Pueblo Isla Verde (Feb. 25, 2025), Pueblo Las Cumbres (Feb. 28, 2025), Pueblo Río Hondo (Mar. 10, 2025), Amigo Lomas Verdes (Apr. 15, 2025), Pueblo Carolina Centro (Apr. 28, 2025), and Pueblo Altomar (May 5, 2025). He has been deterred from visiting Amigo Plaza Guaynabo, Amigo San Lorenzo, Pueblo Aguadilla Shopping Center, Pueblo Fajardo, Amigo Juncos, and Amigo Luquillo due to knowledge that Defendant's centralized policies produce identical barriers. He regularly shops at Pueblo supermarkets and intends to continue once barriers are remediated.

24. Mr. Sepúlveda encountered barriers at Pueblo Arecibo (Feb. 15, 2025), Pueblo Plaza del Caribe (Apr. 10, 2025), Pueblo La Rambla (Apr. 10, 2025), Pueblo Miramar (Apr. 10, 2025), Pueblo Ciudadela Santurce (late Apr. 2025), Amigo Guayama (early May 2025), and Pueblo Aguadilla Mall (Apr. 2025). He has been deterred from visiting Pueblo El Señorial Plaza, Pueblo Cupey Professional Mall, Pueblo Monte Mall, and Pueblo Trujillo Alto. He frequently travels throughout Puerto Rico and intends to patronize Defendant's locations once barriers are remediated.

25. Mr. Hernández encountered barriers at Amigo Rexville (Feb. 10, 2025), Pueblo Arroyo Town Center (May 2025), Amigo Las Catalinas (June 3, 2025), and Amigo Levittown (June 8, 2025). He has been deterred from visiting Amigo Montesol. He intends to return once barriers are remediated.

26. Mr. Meléndez regularly travels through the Bayamón area via Highway 174 for medical appointments, passing Amigo Lomas Verdes at least twice monthly. On March 28, 2025, he encountered a customer service counter exceeding 50 inches—well beyond the 36-inch maximum and his 48-inch maximum reach. He intends to return once barriers are remediated.

27. Ms. Martínez, relying entirely on VoiceOver screen reading software, spent approximately 40 minutes on July 18, 2025 attempting to navigate https://amigo.com/ and encountered 8 links without discernible text, missing heading structure, 7 missing semantic regions, broken skip links, and images without alternative text. On July 21, 2025, she spent 45 minutes on https://puebloweb.com/ and encountered 356 images without alt text, 300 unlabeled form fields, 601 links without discernible text, 54 color contrast failures, and 300 nested interactive controls. Despite 85 minutes total, she could not research products, compare prices, or complete any commercial tasks. She intends to revisit both websites within 1-2 months once barriers are remediated.

## VIII. CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action under Rule 23(b)(2) and seek certification of two classes:

**ARCHITECTURAL BARRIERS CLASS:**

> All individuals with mobility disabilities who use wheelchairs, walkers, scooters, or other mobility assistance devices, who at any time from December 18, 2023 through final judgment: (a) patronized any Supermarkets Pueblo or Supermarkets Amigo location; or (b) would have patronized such locations but for allegedly being denied on the basis of disability the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such location(s).

**WEB ACCESSIBILITY CLASS:**

> All individuals with visual disabilities who use screen reading software or other assistive technologies, who at any time from December 18, 2023 through final judgment: (a) attempted to access https://puebloweb.com/ or https://amigo.com/; or (b) would have accessed such websites but for allegedly being denied on the basis of disability the full and equal enjoyment of such digital services.

29. Excluded from both classes are federal and state judges and their family members to the fourth degree of consanguinity; court staff; employees of Pueblo Inc.; and attorneys representing Defendant and their family members.

**A. Numerosity**

30. The classes are so numerous that joinder is impracticable. U.S. Census data shows substantial populations with mobility and visual disabilities in Puerto Rico. Given Defendant's 33+ locations and websites, the classes number in the thousands.

**B. Commonality**

31. Common questions predominate because Plaintiffs challenge centralized policies rather than isolated incidents. Resolution of whether Defendant's centralized policies comply with the ADA will resolve all class members' claims. Where plaintiffs challenge centralized policies, "individual factual differences" do not preclude commonality. J.B. ex rel. Hart, 186 F.3d at 1288.

**C. Typicality**

32. Named Plaintiffs' claims are typical because all class members have been denied equal access due to Defendant's uniform corporate policies. Defendant has no unique defenses against any named Plaintiff.

**D. Adequacy**

33. Named Plaintiffs will fairly and adequately protect class interests. Their interests align with all class members—obtaining injunctive relief requiring ADA compliance.

**E. Rule 23(b)(2)**

34. Defendant has acted on grounds generally applicable to the classes by maintaining uniform corporate policies that systematically violate the ADA. Where a defendant's failure to adopt specific policies is the very reason for ADA violations, Rule 23(b)(2) certification is appropriate. See Bates v. United Parcel Serv., 2001 WL 1482023, at *7 (N.D. Cal. Nov. 1, 2001).

**<u>FIRST CLAIM FOR RELIEF</u>**
**Violation of Title III—Architectural Barriers**
**42 U.S.C. § 12181 et seq.**

*(On Behalf of Plaintiffs J.L.C.P., Torres, Sepúlveda, Hernández, Meléndez, and the Architectural Barriers Class)*

35. Plaintiffs incorporate all preceding allegations.

36. Defendant owns and operates supermarket facilities constituting places of public accommodation under 42 U.S.C. § 12181(7)(E).

37. Plaintiffs and the Architectural Barriers Class are individuals with disabilities under 42 U.S.C. § 12102.

38. Defendant has violated and continues to violate 42 U.S.C. § 12182(a) by denying Plaintiffs and the class full and equal enjoyment of its goods, services, facilities, privileges, advantages, and accommodations.

39. Defendant has violated 42 U.S.C. § 12182(b)(2)(A)(iv) by failing to remove architectural barriers where removal is readily achievable.

40. Defendant has violated 42 U.S.C. § 12182(b)(1)(A)(i)-(ii) by denying individuals with disabilities equal opportunity to participate in or benefit from its goods and services.

41. The necessary modifications are readily achievable and would not fundamentally alter Defendant's business.

**SECOND CLAIM FOR RELIEF**
**Violation of Title III—Web Accessibility**
**42 U.S.C. § 12181 et seq.**

*(On Behalf of Plaintiff Martínez and the Web Accessibility Class)*

42. Plaintiff Martínez incorporates all preceding allegations.

43. Defendant's websites constitute places of public accommodation under 42 U.S.C. § 12181(7), providing commercial services integral to Defendant's operations.

44. Plaintiff Martínez and the Web Accessibility Class are individuals with disabilities under 42 U.S.C. § 12102.

45. Defendant has violated 42 U.S.C. § 12182(a), (b)(2)(A)(ii), and (b)(2)(A)(iii) by denying full and equal enjoyment of its online services and failing to provide necessary auxiliary aids.

46. The modifications necessary to comply with WCAG 2.1 Level AA are readily achievable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. A declaration that Defendant has violated Title III of the ADA;
2. Class certification under Rule 23(b)(2) and appointment of Plaintiffs as Class Representatives and undersigned counsel as Class Counsel;
3. A permanent injunction requiring Defendant to: (a) lower counter portions to 36-inch maximum or provide auxiliary counters at all locations within 120 days; (b) remediate websites to WCAG 2.1 Level AA within 120 days; (c) establish corporate ADA compliance program within 60 days; and (d) implement ADA training within 90 days;
4. Professional accessibility audits of all locations and websites within 30 days;
5. Retention of jurisdiction to monitor compliance;

6. Attorneys' fees and costs under 42 U.S.C. § 12205; and

7. Such other relief as the Court deems just.

**RESPECTFULLY SUBMITTED.**

**Dated:** December 19, 2025

**VÉLEZ LAW GROUP LLC**
Civil Rights Division

**s/ José Carlos Vélez Colón**
José Carlos Vélez Colón
USDC-PR Bar No. 231014

1449 S Michigan Ave, STE 13234
Chicago, IL 60605

vlg@velezlawgroup.com | (787) 422-1881

*Attorney for Plaintiffs*